IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| V.    ) | |
| ) | Criminal No. 1:02-cr-00376 |
| NOE DAVID RAMIREZ-GUARDADO,    ) | |
| ) | |
| Defendant.    ) | |

**United States' Response in Opposition to
Defendant's Second Motion for Compassionate Release**

The United States files this response in opposition to defendant Noe David Ramirez-Guardado's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The defendant murdered Joqauin Diaz, 18 at the time of his murder, by ordering members of his MS-13 clique to commit this murder. Diaz had his throat cut and his head was almost severed in Daingerfield Island just south of Reagan National Airport. The trial jury found Ramirez-Guardado was the leader of a clique in MS-13 and ordered the murder of Diaz by a team of MS-13 members. He is serving a life sentence for this gang murder.

Ramirez-Guardado again requests compassionate release claiming he was young and is now reformed. His unrelated request to serve his sentence in El Salvador, given his leadership in MS-13, was denied. Ramirez-Guardado, an adult when he committed this murder (his codefendant, who is also serving a life sentence, was a juvenile by three days and this Court ordered his case to be tried as an adult, a decision affirmed by the Fourth Circuit). Ramirez-Guardado's age at the time of his offenses do not rise to the level of extraordinary and compelling circumstances, given that he was an adult over the age of 18 leading a criminal gang when he ordered this murder. Based on the seriousness of his offenses, the need to protect the public safety, and the need to avoid unwarranted sentence disparities, the sentencing factors in 18

U.S.C. § 3553(a) do not support release.  Therefore, the Court should deny his motion.

The defendant's argument that the court should consider the sentence available in state court relative to the federal sentence he received when assessing the need to avoid unwarranted sentence disparities under §3553(a)6), ECF No. 502 at 9, is simply wrong.  The Fourth Circuit has made clear that the disparities "between state and federal defendants" "are not those that section 3553(a)(6) seeks to avoid."  *United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006).  Because the statutory sentencing factors do not support his release, the Court should deny his motion.  See *United States v. Chavez*, 894 F.3d 593, 609 (4th Cir. 2018).  Even for juveniles, a nonmandatory life sentence is not flatly barred.  *Jones v. Mississippi*, –S. Ct.–, 2021 1566605 (U.S. Apr. 22, 2021).  And in any event, a motion for compassionate release is not a substitute for a motion for collateral review under 28 U.S.C. § 2255.  *See, e.g., United States v. Williams*, 987 F.3d 700, 704 (7th Cir. 2021); *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020); *United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. 2021).

The defendant's argument is that the sentencing factors under 18 U.S.C. § 3553(a) support release.  *See* ECF No. 502 at 2–10.  But the court should only reach that question if it first finds that the defendant has established an "extraordinary and compelling" reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Here, that argument is limited to a paragraph and simply does not meet the standard.  ECF No. 502 at 2.  The defendant must satisfy both showings before he can obtain relief.  *See, e.g., United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

## Background

I.   **Facts.**

The trial jury convicted Ramirez-Guardado of murder. 18 U.S.C. § 1111(b) ("whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life"). At trial, the defendant was represented by two experienced bilingual counsel, Mark Thrash, Esquire and John Kiyonaga, Esquire. The trial jury convicted two of three defendants demonstrating a clear and dispassionate ability to weigh and assess the witness testimony and evidence at trial. The Court will recall that three former MS-13 codefendants' testified at trial pursuant to plea agreements after pleading guilty to murder themselves. Each confirmed this defendant's leadership role and the details of the murder. Ramirez-Guardado may question coconspirator testimony, but the trial jury accepted it as they are entitled. He believes that by ordering others to murder Diaz, his own culpability is somehow different. The jury disagreed. But for his order to murder the victim, Diaz would be alive.

II.   **Defendant's motion for compassionate release.**

The defendant was 20 years old when he ordered the murder of Diaz. *Chavez*, 894 F.3d at 609. In *Chavez*, the Fourth Circuit rejected defendants' claims for relief even when they "emphasize[d] that they were barely over this threshold of adulthood [of 18 years old] at the time they committed their crimes." *Id*.

## Argument

I.   **The Court should deny the defendant's motion because he has not established an extraordinary and compelling reason for compassionate release.**

The defendant has not established that this Court should exercise its discretion under 18 U.S.C. § 3582(c)(1)(A)(i) to grant compassionate release because he has not established that the statutory sentencing factors support release. Section 3582(c)(1)(A) authorizes a court to reduce a

term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." Although the statute "does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release," the Sentencing Commission has "addressed the issue in a policy statement." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020). According to the policy statement, "extraordinary and compelling reasons" may exist based on the defendant's medical condition, age, family circumstances, or other reasons as determined by BOP. U.S.S.G. § 1B1.13. If a district court finds that extraordinary and compelling reasons exist, the court may not reduce a sentence before "considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of proving that he is entitled to relief under § 3582(c)(1)(A). *United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020); *see United States v. Morgan*, 473 F. Supp. 3d 544, 547 (D.S.C. 2020); *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Fourth Circuit's recent decision in *McCoy* does not reduce the defendant's burden of establishing an "extraordinary and compelling" reason for relief under § 3582(c)(1)(A). In *McCoy*, the court held that the policy statement in U.S.S.G. § 1B1.13 is not "applicable" to compassionate release motions brought by defendants under § 3582(c)(1)(A). 981 F.3d at 281–82. Because § 1B1.13 "was adopted before the First Step Act" and specifically mentions only motions brought by BOP, the court reasoned that the policy statement does not apply to motions brought by defendants. *Id.* at 282. Absent an applicable policy statement, district courts should "make their own independent determinations of what constitutes an 'extraordinary and compelling reason[]' under § 3582(c)(1)(A), as consistent with the statutory language." *Id*. at 284. The Fourth Circuit noted, however, that § 1B1.13 "remains helpful guidance even when

motions are filed by defendants." *Id*. at 282 n.7. Accordingly, the Fourth Circuit has continued to reference § 1B1.13 as a guidepost for compassionate release motions even after *McCoy*. *See, e.g.*, *United States v. Trotman*, No. 20-6217, 2020 WL 7392287, at *2 (4th Cir. Dec. 17, 2020) (per curiam); *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (per curiam). Courts in this district have followed suit. *See, e.g.*, *United States v. Nabaya*, No. 3:17cr3, 2021 WL 54361, at *6 (E.D. Va. Jan. 6, 2021); *United States v. Prater*, No. 3:13cr133 (DJN), 2021 WL 54364, at *3 (E.D. Va. Jan. 6, 2021); *Perkins v. United States*, No. 2:18-cr-177, 2020 WL 7364222, at *2 (E.D. Va. Dec. 15, 2020); *United States v. Reid*, No. 2:02cr172-7, 2020 WL 7318266, at *2 (E.D. Va. Dec. 10, 2020).

The defendant apparently maintains that, a mandatory life sentence on an adolescent is not tolerated by the Eighth Amendment, and constitutes an extraordinary and compelling reason" under § 3582(c)(1)(A). He also argues that the brains of adults ages 18 to 25 have not yet fully developed, and that such adults are more prone to risk-taking and less capable of weighing costs and benefits. This argument appears to be premised on the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 465. The Court explained that mandatory life without parole for a juvenile violates the Constitution because it "precludes consideration of chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences." *Id.* at 477.

The defendant's offense conduct occurred when he was 20 years old. The Fourth Circuit has made clear that *Miller* "is no help" to defendants who "were adults at the time they committed" their crimes. *United States v. Chavez*, 894 F.3d 593, 609 (4th Cir. 2018) (holding

that sentences of life imprisonment for defendants who were 18 and 19, respectively, at the time of their offenses did not violate the Eighth Amendment). The Supreme Court has never extended its holding in *Miller* to adults over the age of 18. *See, e.g.*, *Jones v. Mississippi*, 141 S. Ct. 1307, 2021 WL 1566605, at *3 (U.S. Apr. 22, 2021) (explaining that *Miller* held that the Eighth Amendment "prohibits mandatory life-without-parole sentences for murderers under 18" (emphasis omitted)); *United States v. Cobler*, 748 F.3d 570, 580–81 (4th Cir. 2014) (recognizing that "a sentence of death" and "a sentence of life imprisonment without parole for a juvenile offender" are "the only two contexts in which the Supreme Court categorically has deemed sentences unconstitutionally disproportionate"). And the Fourth Circuit has rejected the suggestion that there is any flexibility to apply *Miller* to adults over the age of 18 based on "developmental immaturity." *Cobler*, 748 F.3d at 581 (declining to "substitute a subjective judgment about the relative immaturity of a particular defendant for the objective age of minority that the Supreme Court has used as the benchmark for its categorical analysis of young offenders"); *see also Chavez*, 894 F.3d at 609 (concluding, where defendants "were barely over th[e] threshold of adulthood at the time they committed their crimes," that their sentences of life imprisonment were nonetheless constitutional).

*McCoy* did not hold that a defendant who committed his crimes as a young adult is automatically entitled to compassionate release. Instead, the Fourth Circuit upheld the district courts' consideration of the defendants' "relative youth at the time of their offenses" as one of several factors considered as part of an "individualized inquir[y]." *McCoy*, 981 F.3d at 288. Given the seriousness and the defendant's criminal conduct, committed when he had obtained a leadership position in MS-13, his relative youth at the time of his offenses does not rise to the level of extraordinary and compelling. *See, e.g.*, *Hancock*, 2021 WL 848708, at *5 (denying

compassionate release for a defendant who received stacked § 924(c) sentences and was "quite young" when he committed the underlying offenses because he had "participated in two extremely violent robberies" and had "not yet served the revised statutory minimum sentences").

### A. State sentences are not a factor to be considered.

The Fourth Circuit has made clear that the disparities "between state and federal defendants" "are not those that section 3553(a)(6) seeks to avoid." *United States v. Clark*, 434 F.3d 684, 687 (4th Cir. 2006). "The sole concern of section 3553(a)(6) is with sentencing disparities among federal defendants." *Id.* (emphasis omitted). The court further elaborated: "Indeed, concurrent jurisdiction in federal and state fora contemplates and accepts that there may well be different sentences imposed for similar or identical offenses by the two different justice systems. The Federal Sentencing Guidelines did not seek to eliminate these sentencing disparities that inhere in a scheme of concurrent jurisdiction. The Guidelines sought to avoid only the unwarranted disparities that existed in the federal criminal justice system, that system for which the Guidelines are governing law." *Id.* It would be an abuse of discretion for the district court to consider the disparity between the defendant's federal sentence and the available state sentences as part of its analysis under 3553(a)(6). *See id.* at 686–87; *see also United States v. Bass*, 17 F.4th 629, 636–37 (6th Cir. 2021) (holding that the district court abused its discretion in granting the defendant's motion for compassionate release where it compared the defendant's federal sentence to his codefendant's state sentence).

### B. The statutory sentencing factors do not support release.

Even if the Court were to determine that the defendant has demonstrated an extraordinary and compelling reason for compassionate release, it should deny the defendant's motion because the statutory sentencing factors weigh against release. Section 3582(c)(1)(A) requires a court to

consider the factors set forth in 18 U.S.C. § 3553(a) before reducing a defendant's sentence. Those factors include "the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant." *Prater*, 2021 WL 54364, at *4 (citing 18 U.S.C. § 3553(a)(1)(2)). Additionally, "the Sentencing Commission has emphasized that a defendant's rehabilitation while incarcerated," by itself, is "insufficient to warrant a sentence reduction." *Id.* (citing U.S.S.G. § 1B1.13, application note 3). In this case, the relevant statutory sentencing factors do not support compassionate release. Murder is a narrowly applied criminal offense with only two possible sentences and is deliberately structured to maximize the deterrent effect of the law while ensuring its application is limited to a very limited group of defendants. The defendant was tried by a jury who returned a guilty verdict as to him and his codefendant Dennis Riveria. The violence of this case cannot be overstated. The 18-year old victim's head was nearly severed from his body using a kitchen steak knife recovered under the body. Life in prison is not a harsh outcome for this defendant.

  The seriousness of the defendant's offense weighs heavily against release. *See, e.g.*, *United States v. Reyes*, No. 3:03cr195, 2021 WL 411437, at *2 (E.D. Va. Feb. 5, 2021) (finding that the seriousness of the offense weighed against release where the defendant "distributed vast quantities of heroin, cocaine hydrochloride, and cocaine base, held a leadership role in the conspiracy, and possessed firearms through the course of the conspiracy" (internal quotation marks omitted)); *Albury v. United States*, No. 2:19-cr-68, 2020 WL 6779643, at *5 (E.D. Va. Oct. 23, 2020) (finding that the statutory sentencing factors weighed against release where the defendant "was convicted of a large-scale drug trafficking crime that he conducted over the

course of five years," "possessed firearms," and "often travelled interstate to purchase and sell drugs").

Release is also not appropriate. This defendant is forty-one years old and has served little of his sentence. That he proclaims himself rehabilitated is not in any respect reassuring. Courts in this district "have considered the length of time served an important factor when ruling on motions for compassionate release during the COVID-19 pandemic." *Evans*, 2020 WL 5121331, at *7 (finding, even though the defendant's health conditions presented "extraordinary and compelling reasons" for release, that release after the defendant had served "well under half of her sentence[] would not provide just punishment or afford adequate deterrence for like offenses" (internal quotation marks omitted)). In this case, the defendant is only 41 years old, and has served just a fraction of his life sentence with the possibility of release, such that compassionate release would not provide just punishment or adequate deterrence for his criminal conduct. *See United States v. Lloyd*, No. 2:11cr36, 2020 WL 4501811, at *3 (E.D. Va. Aug. 5, 2020) (finding, where the defendant "ha[d] served less than half of his sentence even when sentencing credits [were] considered," that "[t]he need to provide adequate deterrence for this Defendant" and "to avoid unwarranted sentencing disparities" weighed against release); *United States v. Hill*, No. 3:14cr114, 2020 WL 6049912, at *5 (E.D. Va. Oct. 13, 2020) (denying compassionate release where the defendant had "served only 40% of his 188 month sentence, which may not afford adequate deterrence to his criminal conduct").

The defendant argues that he is entitled to compassionate release because he has worked to improve himself while incarcerated. Although his coursework is commendable, "Congress made clear that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason'" for release. *Hill*, 2020 WL 6049912, at *5 (quoting 28 U.S.C. § 994(t)).

Consequently, the defendant's efforts at rehabilitation do not outweigh the seriousness of his criminal conduct and the considerable time remaining on his sentence. *See, e.g.*, *Lloyd*, 2020 WL 4501811, at *4 n.7 ("While the Court commends Defendant for his documented efforts to work toward rehabilitation during his term of incarceration, his good behavior and pursuit of education in an institutional setting is insufficient to tip the scales in his favor based on the consideration of the record as a whole."); *Hill*, 2020 WL 6049912, at *5 ("While Hill's participation in an extensive number of educational and vocational programs [was] commendable," these measures did "not warrant his early release in light of the seriousness of his convictions and the time remaining on his sentence.").

Therefore, the Court should deny the defendant's motion for compassionate release because he has not established an extraordinary and compelling reason for release based on his age when he committed murder and, even if he has, the statutory sentencing factors do not support release.

**II.     The Court should deny the defendant's motion because his remaining arguments are not cognizable on a motion for compassionate release.**

Compassionate release is not an all-purpose vehicle for defendants to relitigate challenges to their convictions and sentences. In 18 U.S.C. § 3582(c)(1)(A), Congress provided a limited mechanism for the district court to reduce a defendant's sentence. At the same time, "Congress has provided a detailed roadmap to guide federal defendants who wish to contest the validity of their convictions or sentences," starting with a direct appeal, followed by a petition for certiorari, and, finally, on collateral review under 28 U.S.C. § 2255. *United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018). Consequently, "[u]nless a conviction or sentence is successfully challenged and overturned through this process, it is valid, and it stands." *Id.*

In this motion, the defendant attempts to circumvent the limits of direct and collateral

review by labeling his challenges to his convictions and sentence as a motion for compassionate release. The Fourth Circuit has observed, however, that "[i]nsisting that defendants use the correct process to challenge their convictions and sentences is not empty formalism." *Id.* at 539 (holding that a defendant could not challenge the validity of his conviction or sentence at a supervised release revocation hearing). Rather, "[c]ourts have a strong interest in preserving valid final judgments and not expending judicial resources on cases that upset those judgments." *Id.* (internal quotation marks omitted). Allowing defendants to relitigate their convictions and dismantle their sentences under the guise of compassionate release "would not only jeopardize that interest in finality but would also impose substantial burdens on district courts." *Id.*

If the defendant seeks to challenge his convictions or his sentence, he must apply in the first instance to the Fourth Circuit for authorization to file a second or successive habeas petition. He cannot skirt the timeliness and authorization requirements of § 2255 by bringing these arguments in a motion under § 3582(c)(1)(A). The compassionate release statute offers no relief for his remaining claims.

### A. The defendant failed to exhaust his remaining claims with BOP.

The Court should dismiss the defendant's motion as to his remaining claims because he failed to exhaust his administrative remedies with BOP. Under 18 U.S.C. § 3582(c)(1)(A), a defendant may file a motion for compassionate release in federal court only after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because the defendant did not present to the warden of his facility any of his claims for release based on alleged errors during his trial and sentencing, he has not satisfied the statutory exhaustion requirement for these new arguments.

The statutory exhaustion requirement is a mandatory, non-jurisdictional claims-processing rule.  *See United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *United States v. Springer*, 820 F. App'x 788, 791–92 (10th Cir. 2020); *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020); *Raia*, 954 F.3d at 597; *see also, e.g.*, *Beahm*, 2020 WL 4514590, at *1.  This requirement serves an important purpose: it "provide[s] BOP with the first opportunity to evaluate a prisoner's request," consistent with Congress's determination that "BOP, not the Court, is better positioned to first evaluate a defendant's request and consider whether modification of a term of imprisonment is appropriate."  *Beahm*, 2020 WL 4514590, at *1.  Further, requiring defendants to seek relief first with BOP "ensures that prison administrators can prioritize the most urgent claims" and "can investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist."  *Alam*, 960 F.3d at 835.

It follows that a defendant must present the same claims in support of compassionate release to BOP that he presents to the Court.  *See, e.g.*, *Williams*, 2021 WL 486885, at *2; *Springer*, 820 F. App'x at 791; *United States v. Knight*, No. 1:15-CR-393, 2020 WL 4059886, at *2 (M.D.N.C. July 20, 2020) (collecting cases).  Otherwise, "[a]llowing an inmate to present the Court with an entirely new basis for a sentence reduction denies [BOP] the opportunity to evaluate the request on its merits and undermines the mandatory statutory exhaustion requirement."  *Knight*, 2020 WL 4059886, at *2.

The defendant maintains that he satisfied the administrative exhaustion requirement by filing a request for compassionate release with the warden of his facility.  But in that request, the defendant asserted that he was entitled to release only because he had extraordinary and compelling reasons without any further detail.  He did not argue, as he now claims before this

Court, that his conviction was based solely upon hearsay testimony. Because he never presented this claim to BOP, he cannot assert them for the first time before this Court. "[I]n order to properly exhaust, an inmate is required to present the same or similar grounds for compassionate release in a request to [BOP] as in a motion to the court." *Williams*, 2021 WL 486885, at *2; *see United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (declining to address new arguments because the defendant "was required to exhaust [his] two new arguments by filing a request with the BOP, but he failed to do so"); *United States v. Mills*, No. 2:17-cr-124-1, 2021 WL 372811, at *2 (S.D.W. Va. Feb. 3, 2021) ("If the defendant is filing a second or renewed motion for compassionate release based on new or additional allegations not included in the original motion, then defendant must again exhaust his administrative remedies."). The defendant has not argued that there is any reason to waive the mandatory exhaustion requirement in this case. Therefore, the Court should dismiss his remaining claims for failure to exhaust.

>   **A.    Even if the Court determines that the remaining claims are ripe for review, § 3582(c)(1)(A) does not provide relief for claims based on trial and sentencing error.**

Even if the Court determines that the defendant satisfied the exhaustion requirement, 18 U.S.C. § 3582(c)(1)(A) does not authorize relief for alleged errors at trial and sentencing. There are limited grounds for relief under the compassionate release statute, which is not a substitute for collateral review. The defendant should have raised his assorted claims of trial and sentencing error in a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Moreover, § 3582(c)(1)(A) does not offer an escape hatch for defendants seeking to avoid the bar on second or successive motions under § 2255. Congress's procedural amendments to the compassionate release statute in the First Step Act did nothing to change the existing framework for federal postconviction relief. Because the defendant's remaining claims sound in habeas, not

compassionate release, the Court should deny his motion.

Section 3582(c)(1)(A) charts a narrow avenue for relief, allowing a court to reduce a term of imprisonment if it determines that "extraordinary and compelling reasons warrant such a reduction." By its terms, the compassionate release statute "provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity." *United States v. Handerhan*, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam). Accordingly, multiple courts have concluded that a motion for compassionate release is not the proper vehicle for arguments that were or could have been raised in a direct appeal or on collateral review. *See United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. Oct. 7, 2020); *United States v. Sargent*, No. 20-5508, 2020 WL 6589004, at *2 (6th Cir. Sept. 30, 2020); *Handerhan*, 789 F. App'x at 926; *United States v. Johnson*, No. 1:02cr296-1, 2020 WL 6703090, at *5 (M.D.N.C. Nov. 13, 2020); *United States v. Williams*, No. 4:15-cr-37-1BR, 2019 WL 6529305, at *1 (E.D.N.C. Dec. 4, 2019).

Instead, the proper method for challenging a conviction or sentence is by filing a habeas petition. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."); *United States v. Hartwell*, 448 F.3d 707, 714–15 (4th Cir. 2006) ("Any challenges to a criminal judgment after the appellate process is complete therefore may generally be brought only pursuant to a specific authorization for collateral review, such as 28 U.S.C. § 2255."). That the defendant labeled his pleading as a motion for compassionate release does not control. *See United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020) ("[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram

vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit … or an application for a Get-Out-of-Jail-Card; the name makes no difference.  It is substance that controls.").]

Moreover, "neither the [compassionate release] statute nor its policy statement provide for release" for defendants "who already have completed a § 2255 proceeding and [] are subject to the restrictions on filing second or successive § 2255 motions." *Handerhan*, 789 F. App'x at 926; *see* 18 U.S.C. § 2255(h) (requiring that the "appropriate court of appeals" certify a second or successive motion as containing "newly discovered evidence" or a "new rule of constitutional law").  When Congress amended § 3582(c)(1)(A) to allow a defendant to file a motion on his own behalf, First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239, it left in place the restrictions on postconviction relief imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Among others, those limits include a one-year limitations period and the requirement that a defendant receive authorization from the court of appeals before filing a second or successive motion.  28 U.S.C. § 2255 (f), (h).  These restrictions, which were "carefully designed to strike the balance between preserving finality and ensuring justice under law, set[] forth meticulous rules governing" collateral relief.  *Sanchez*, 891 F.3d at 538.

Nor can a defendant circumvent "AEDPA's strict statutory requirements … through creative pleading." *Farkas v. Butner*, 972 F.3d 548, 558 (4th Cir. 2020) (internal quotation marks omitted).  Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (internal quotation marks omitted).  Accordingly, several courts of appeals have recognized that, where the

defendant had previously filed a § 2255 motion and did not seek the court's authorization to file a new motion, a motion for compassionate release based on alleged trial or sentencing error constituted an unauthorized second or successive § 2255 motion. *See Fine*, 982 F.3d at 1118–19; *United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020).

### B. The defendant is not entitled to compassionate release based on challenges to his conviction and sentence.

Because of the limits on compassionate release and collateral review, the defendant cannot relitigate his trial and sentencing challenges in this motion under § 3582(c)(1)(A).

The defendant improperly seeks to relitigate these challenges, hearsay testimony and harsh sentence under the guise of compassionate release. Even an intervening change in law does not transform his challenge into anything other than a challenge to his conviction, which he must bring in a § 2255 motion. *See Fine*, 982 F.3d at 1118 ("[E]ven an intervening change in law does not take a motion outside the realm of § 2255 when it seeks to set aside a sentence.").

Put another way, a defendant cannot claim that there is anything "extraordinary and compelling" about a claim that he is barred from raising under well-established limits on habeas petitions. Nor can the compassionate release statute be read as overriding other, more specific statutory limits on post-conviction relief.

If the defendant seeks to challenge his convictions or his sentence, he must apply in the first instance to the Fourth Circuit for authorization to file a habeas petition. Congress's decision in the First Step Act to allow defendants to file their own compassionate release motions did not open the door for defendants to raise all manner of untimely, unauthorized requests for habeas relief in these motions. Allowing the defendant to assert his challenges to his convictions and sentence under the banner of compassionate release would needlessly circumvent the requirements of AEDPA and thwart Congress's "efforts … to provide a comprehensive route for challenging

sentences." *Sanchez*, 891 F.3d at 538. This Court should deny the defendant's remaining claims because § 3582(c)(1)(A) does not offer plenary collateral review.

## Conclusion

For the foregoing reasons, the Court should deny the defendant's second motion for compassionate release.

Respectfully submitted,

Jessica D. Aber
United States Attorney

_____/s/_____
Ronald L. Walutes, Jr.
Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Ron.Walutes@usdoj.gov

**Certificate of Service**

I certify that on March 21, 2022, I filed electronically the foregoing with the Clerk of Court using the CM/ECF system. A copy of this pleading will be served on counsel for the defendant:

Lana Marie Manitta, Esquire

By: _____/s/_____
Ronald L. Walutes, Jr.
Assistant United States Attorney
Eastern District of Virginia
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3910
Ron.Walutes@usdoj.gov